## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUEY MIN LEE, | ) | 3:18-CV-01478 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL E. DRISCOLL, ET AL. | ) | |
| *Defendants*. | ) | SEPTEMBER 17, 2019 |

## MEMORANDUM OF DECISION

Kari A. Dooley, United States District Judge

Through this action plaintiff Huey Min Lee ("Lee") seeks to challenge the $700 municipal blight fine imposed on her rental property in 2015 as well as the process by which that fine was imposed. The defendants are Michael E. Driscoll, Kimberly Carlson McGee, Brown Jacobson PC, Mark E. Block, Block Janney & Pascal LLC, George Gardner, the City of Norwich, and the New London Superior Court (collectively, the "Defendants"). Each of the Defendants were involved in some way in the imposition and adjudication of that fine and the associated judgment and judgment lien. All Defendants have moved to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The Defendants assert additional, alternative bases for dismissal as well. Because many of the issues raised in the various motions overlap significantly, the Court issues a single Memorandum of Decision.

For the reasons set forth in this decision, the Motion to Dismiss filed by Driscoll, McGee, and Brown Jacobson (ECF No. 69) is GRANTED. The Motions to Dismiss filed by Block (ECF No. 60) and Block Janney (ECF No. 64) are GRANTED. The Motion to Dismiss filed by the New London Superior Court (ECF No. 68) is GRANTED. The Motion to Dismiss filed by the City of Norwich and Gardner (ECF No. 52) is GRANTED in part and DENIED in part.

# I.    Background

## A.    Factual Allegations[1]

Lee is the owner of a family residence in Norwich, Connecticut (the "Property").  (Compl. at ¶ 25, ECF No. 1.)  Lee leased the Property to a third party beginning on March 1, 2015.  (*Id.*)  In September 2015, George Gardner, a building code enforcement officer for the City of Norwich ("Norwich"), received a complaint from Lee's tenants concerning the condition of the Property.  (*Id.* at ¶ 26.)  In response to the complaint, Gardner conducted two inspections of the Property and cited fifteen violations of the Norwich Property Maintenance Code (the "Code").  (*Id.*)  Gardner issued notices for the violations on September 9, 2015 and September 24, 2015.  (*Id.* at ¶ 27.)  On November 2, 2015, Gardner issued three citations, which listed a total of fourteen violations of the Code and imposed a total fine of $700.  (*Id.* at ¶ 29.)  On November 9, 2015, Lee requested a hearing concerning the citations, challenging the legal and factual basis on which they were issued.  (*Id.* at ¶ 33.)

On December 11, 2015, a hearing was held before citation hearing officer Mark E. Block.  (*Id.* at ¶ 34.)  Lee represented to Block that her contractor had gone to the Property with the violation list for repair in November but was refused access to the Property by her tenants.  (*Id.* at ¶ 37.)  Block offered Lee an extension to remediate the Code violations.  (*Id.*)  But then, on December 15, 2015, Block issued a decision finding Lee liable for the violations listed in the citations issued by Gardner and entered a $700 assessment.  (*Id.* at ¶¶ 39–40.)  Lee received the notice of decision on December 16, 2015.  (*Id.* at ¶ 39)

---

[1] For purposes of this motion, the Court accepts the allegations in the Complaint as true.  The Court further takes judicial notice of the procedural histories of the state actions referenced in the Complaint:  *City of Norwich v. Lee*, No. KNL-CV-16-6025999-S (Conn. Super. Ct.) (filed Jan. 25, 2016) and *Lee v. City of Norwich*, No. KNL-CV-16-5015046-S (Conn. Super. Ct.) (filed Feb. 19, 2016).

On January 25, 2016, Block filed the notice of assessment with the New London Superior Court ("Superior Court"), pursuant to Conn. Gen. Stat. § 7-152c(f), (the "Blight Action") which resulted in a firm appearance being entered in the matter for Block's firm, Block Janney & Pascal LLC ("Block Janney"). *City of Norwich v. Lee*, No. KNL-CV-16-6025999-S, Entry No. 100.31 (Conn. Super. Ct. Jan. 25, 2016) [hereinafter *Lee I*]; *see also* (Compl. at ¶ 44). Block further requested a judgment on the violations on behalf of Norwich so that Norwich could enforce the $700 assessment. *Id.* at Entry No. 100.30. On January 28, 2016, judgment entered in favor of Norwich in the amount of $700 and court costs of $8 (the "Blight Judgment"). *Lee I*, Entry No. 101.00; *see also* (Compl. at ¶ 44). On February 17, 2016, Norwich, represented by Brown Jacobson PC ("Brown Jacobson"), recorded a judgment lien against the Property for the sum of $700 in damages and $8 in costs. (Compl. at ¶ 55; *see also* Compl., Ex. A at 3, ECF No. 1-2.) That same day, Kimberly Carlson McGee, an attorney with Brown Jacobson, sent Lee a copy of the judgment lien. (Compl., Ex. A at 2.)

On February 19, 2016, Lee instituted an action in the Superior Court against Norwich, the Norwich Department of Planning and Development, Gardner, and Block in which she sought to appeal Block's decision and assessment (the "Blight Appeal"). *Lee v. City of Norwich*, No. KNL-CV-16-5015046-S, Entry No. 100.30 (Conn. Super. Ct. Feb. 19, 2016) [hereinafter *Lee II*]. On March 16, 2016, the defendants moved to dismiss the action, arguing that it was untimely under Connecticut Practice Book § 23-51 and Connecticut General Statutes § 7-152c. *Id.*, Entry No. 101.00. On April 15, 2016, Lee sought leave to amend her complaint. *Id.*, Entry No. 101.01. On August 30, 2016, the court granted the defendants' motion to dismiss and denied Lee's request to amend. *Id.*, Entry No. 102.00. With respect to the motion to dismiss, the court agreed with the defendants that Lee's appeal was untimely and, as a result, the court lacked subject matter

jurisdiction. *Id.* The court further concluded that Lee's request to amend was moot because of the court's lack of subject matter jurisdiction. *Id.* Thereafter, the court entered a judgment of dismissal. *Id.*, Entry No. 103.00. Lee did not appeal this decision.

## B. Procedural History

On August 31, 2018, Lee commenced this twelve-count action against the Defendants, in which she challenges the Defendants' authority to institute and prosecute the Blight Action as well as the propriety and legality of the Defendants conduct when doing so. For relief, Lee seeks declarations that the Defendants acted unconstitutionally, that they are liable for each of the stated causes of action, and that the Blight Judgement is null and void.

The Complaint is not a model of clarity, and it is difficult to determine both the nature of the claims brought and the defendants at which such claims are directed. Construing this *pro se* complaint liberally, the Court determines that the chart of the claims and defendants set forth below accurately summarizes the Complaint.[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." [citations omitted; internal quotation marks omitted]).

---

[2] In Counts Nine and Ten, Lee appears to assert claims on behalf of third parties, although it is not clear. To the extent Lee seeks to assert claims on behalf of third parties, she lacks standing to do so. "[A] plaintiff may ordinarily assert only his own legal rights, not those of third parties." *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 358 (2d Cir. 2016). The rule against third-party standing is not absolute. To have standing to assert the claims of another, however, a plaintiff must demonstrate: "(1) injury to the plaintiff, (2) a close relationship between the plaintiff and the third party that would cause plaintiff to be an effective advocate for the third party's rights, and (3) 'some hindrance to the third party's ability to protect his or her own interests.'" *Camacho v. Brandon*, 317 F.3d 153, 159 (2d Cir. 2003) (quoting *Campbell v. Louisiana*, 523 U.S. 392, 397 (1998)). None of the allegations in the Complaint suggest that Lee has a close relationship with the third parties on whose behalf she seeks to assert claims or that there is some hinderance to these third party's ability to protect their own interests. *See Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (stating that a plaintiff "must allege facts that affirmatively and plausibly suggest that it has standing to sue"). Accordingly, any third-party claims asserted by Lee in Counts Nine and Ten are dismissed with prejudice for lack of subject matter jurisdiction and not discussed further in this decision.

| Count | Cause of Action | Defendants Named |
|---|---|---|
| 1 | Fraud Upon the Court | All defendants except the Superior Court |
| 2 | 42 U.S.C. § 1983 (deprivation of due process) | Gardner |
| 3 | 42 U.S.C. § 1983 (deprivation of due process) | All defendants |
| 4 | 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) | All defendants |
| 5 | 18 U.S.C. § 1341 (mail fraud) | All defendants except the Superior Court |
| 6 | 18 U.S.C. § 1343 (wire fraud) | All defendants except the Superior Court |
| 7 | 18 U.S.C. § 1349 (conspiracy to defraud) | All defendants except the Superior Court |
| 8 | Fed. R. Civ. P. 60(b) (collateral attack on Blight Judgment based on fraud) | Norwich[3] |
| 9 | Usurpation of Public Office | Block, Block Janney, McGee, and Brown Jacobson |
| 10 | 42 U.S.C. § 1986 (action for neglect to prevent)[4] | Norwich |
| 11 | 18 U.S.C. § 1621 (perjury under oath of office) | Driscoll, Block, McGee, and Gardner |
| 12 | 18 U.S.C. § 1346 (honest services fraud)[5] | Norwich and the Superior Court |

Count One, fraud upon the court, is based on the named defendants alleged *ultra vires* conduct and submission of false statements and forged documents in order to obtain the Blight Judgment. Relatedly, in Counts Five, Six, Seven, Eleven and Twelve, Lee asserts claims under

---

[3] Although Lee references the conduct of the other defendants in this count, the Court construes this count as being asserted against Norwich, the only other party to the Blight Action.

[4] Count Ten is captioned as a claim under the federal criminal code for perjury, in violation of 18 U.S.C. § 1621. This appears to be a typographical error. The factual allegations in Count Ten align more so with a cause of action brought under Section 1986 rather than Section 1621. In addition, although Lee purports to quote from Section 1621 in this count, all except the first two lines of her block quote comes from Section 1986. Finally, on the cover page to the Complaint, Lee indicates that she is asserting a claim under Section 1986, but such a claim cannot be found elsewhere in the Complaint.

To the extent Lee intended to assert a claim under Section 1621 in Count Ten, it would not change the outcome of this decision. Such a claim would be subject to dismissal for the same reason as Counts Eleven and Twelve. As explained in greater detail below, there is no private right of action under Section 1621.

[5] Section 1346 defines the phrase "scheme or artifice to defraud" within the meaning of Chapter 63 of the federal criminal code. The Court assumes for the sake of argument that Lee intended to assert a claim under one of the substantive fraud provisions of the criminal code.

various criminal statutes for fraud and perjury. Much like Count One, these counts accuse the named defendants of engaging in illegal and unlawful conduct to obtain the Blight Judgment. Count Eight further asserts a "collateral attack" on the validity of the Blight Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure based on the fraud perpetrated by Norwich through the Defendants to obtain the Blight Judgment. (Compl. at ¶ 107 ("Plaintiff brings this independent action to attack the void judgment in [the Blight Action] . . . pursuant to Federal Rules of Civil Procedure 60. . . .").)

In Counts Two, Three, Four, Nine and Ten, Lee asserts a variety of civil rights claims based on the events surrounding and leading up to the Blight Action. Count Two asserts a claim against Gardner under 42 U.S.C. § 1983 based on his alleged *ultra vires* inspection of the Property and issuance of notices and citations, in violation of Lee's substantive due process and constitutional property rights. Count Three asserts a procedural due process and equal protection claim under Section 1983. Count Four asserts a claim under 42 U.S.C. § 1985 based on the Defendants alleged conspiracy to deprive Lee of her due process and constitutional property rights. Count Nine accuses the named defendants of usurping the duties and authorities of Norwich's corporation counsel (Driscoll) when prosecuting the Blight Action, thereby depriving Lee of her civil rights. Relatedly, Count Ten accuses Norwich of illegally retaining McGee, Brown Jacobson, Block, and Block Janney as counsel and, thereby, enabling these and other defendants to perpetuate their fraudulent scheme to deprive "its citizen's civil right to private property and to due process of law." (Compl. at ¶ 128.)

## II.    Standard of Review

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). Legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678. Nevertheless, when reviewing a motion to dismiss, the court must accept well-pleaded factual allegations as true and draw "all reasonable inferences in the non-movant's favor." *Interworks Sys. Inc. v. Merch. Fin. Corp.*, 604 F.3d 692, 699 (2d Cir. 2010).

"Because a Rule 12(b)(6) motion challenges the complaint as presented by the plaintiff, taking no account of its basis in evidence, a court adjudicating such a motion may review only a narrow universe of materials. Generally, we do not look beyond facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (citations omitted, internal quotation marks omitted).

The appropriate analysis for a facial challenge to subject matter jurisdiction, like the one raised by the Defendants, is similar to that required under Rule 12(b)(6). "When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). The task of the district court is to determine whether, after accepting as true all material factual allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff, the alleged facts affirmatively and plausibly suggest that the court has subject matter jurisdiction. *Id.* at 56–57. "A plaintiff asserting subject matter jurisdiction has the burden

of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### III.       The Motion to Dismiss by the Superior Court (ECF No. 68)

The Superior Court moves to dismiss all of Lee's claims against it for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine[6] and the Eleventh Amendment to the United States Constitution. As noted above, the Superior Court is named in Count Three (Section 1983; due process); Count Four (Section 1985; conspiracy); and Count Twelve (Section 1346; honest services fraud). Alternatively, the Superior Court moves to dismiss the Complaint pursuant to Rule 12(b)(6) for failure to state a claim and Rule 12(b)(5) for insufficient service of process. Because the Court agrees that it lacks subject matter jurisdiction over Lee's claims against the Superior Court, it need not take up the Superior Court's alternative arguments for dismissal.

#### A.       *Rooker-Feldman* Doctrine

Under the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction over claims that, in substance, challenge state court judgments. *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018). "[I]n order for a court to be deprived of jurisdiction under the *Rooker-Feldman* doctrine, four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id.* at 645; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The first and fourth of these requirements may be loosely termed procedural; the second and third may be termed substantive." *McKithen v. Brown*, 481 F.3d 89, 97 (2d Cir. 2007) (citation omitted).

---

[6] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Here, Lee "lost in state court" when she received an adverse decision from Block concerning her challenge to the blight citations and had that decision reduced to a judgment of the Superior Court and asserted as a judgment lien.[7] *See Mennella v. Carey*, 253 Fed. Appx. 125, 127 (2d Cir. 2007) (summary order) (applying *Rooker-Feldman* based on adverse decision during disciplinary hearing and administrative appeal); *Pers. v. White*, No. 09-cv-03920 (JS)(ARL), 2010 WL 2723210, at *4 (E.D.N.Y. July 2, 2010) (applying *Rooker-Feldman* based on adverse decision before the Workers' Compensation Board and New York Appellate Decision). Further, the Blight Judgment entered in the state court prior to the commencement of this action. *Lee I*, Entry No. 101.00 (Conn. Super. Ct. Jan. 28, 2016). As such, the first and fourth requirements of *Rooker-Feldman* are plainly met.[8]

Turning to the second *Rooker-Feldman* requirement, that the plaintiff must complain of injuries caused by a state-court judgment, this requirement is satisfied only as to Counts Three and Four. In these counts, Lee complains of a single injury — the issuance of the judgment lien resulting from the Blight Judgment. In addition, the third *Rooker-Feldman* requirement is also met as to these counts because Lee invites the Court to review and reject the propriety of the Blight Action and resulting judgment. Indeed, the only affirmative relief Lee seeks is an order declaring the Blight Judgement "null and void." (Compl., Prayer for Relief). Accordingly, *Rooker-Feldman* bars Counts Three and Four. *See, e.g.*, *Worthy–Pugh v. Deustche Bank Nat'l Tr. Co.*, No. 3:14-

---

[7] Lee contends that she did not lose in the prior state proceeding because she was defaulted in the Blight Action. This assertion is factually and legally incorrect. Lee did not receive an adverse judgement in the Blight Action because she was defaulted. The judgement entered against her was a product of Block's decision at the hearing level. "Moreover, the *Rooker–Feldman* doctrine applies equally to state court judgments obtained by default." *Andrews v. Citimortgage, Inc.*, No. 14-cv-01534 (JS)(AKT), 2015 WL 1509511, at *5 (E.D.N.Y. Mar. 31, 2015) (collecting cases). As a result, even if the Blight Judgment was obtained through a default, the first *Rooker-Feldman* requirement would be met.

[8] The Defendants have collectively moved to dismiss the entire complaint based on *Rooker-Feldman*. The first and fourth requirements of *Rooker-Feldman* are met as to all counts and, therefore, will not be discussed further herein.

cv-01620 (AWT), 2016 WL 2944535, at *4 (D. Conn. Jan. 29, 2016) (dismissing fraud claims where the complained of injury was a state-court judgment of strict foreclosure and plaintiff was inviting the court to review the propriety of that judgment), *aff'd* 664 Fed. Appx. 20 (2d Cir.) (summary order). Counts Three and Four are dismissed with prejudice for lack of subject matter jurisdiction.

Unlike Counts Three and Four, Count Twelve does not challenge an injury caused by a state court judgment, nor does it overtly seek review and rejection of the Blight Judgment. Instead, Lee challenges the criminally fraudulent conduct that resulted in the Blight Judgement. The fact that the Blight Judgment "ratified, acquiesced in, or left unpunished" the Superior Court's alleged criminal conduct does not provide a basis for applying *Rooker-Feldman*. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005); *see also Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 94–95 (2d Cir. 2015) (holding that *Rooker-Feldman* would not prevent debtor from challenging the fraudulent course of conduct that creditor pursued in state court to obtain default judgment).

### B. Eleventh Amendment Immunity

The Superior Court also contends that Lee's claims against it are barred pursuant to the sovereign immunity under the Eleventh Amendment. The Court agrees.

The Eleventh Amendment bars lawsuits in federal court against a state where the state has not waived its sovereign immunity and Congress has not abrogated it through legislative action. U.S. Const. Amend. XI ("the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) ("The Eleventh Amendment bars such suits unless the State has waived its immunity or unless Congress has exercised its undoubted power under § 5 of the

Fourteenth Amendment to override that immunity" [citation omitted]); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–101 (1984).

Further, the Eleventh Amendment's grant of sovereign immunity extends to entities considered to be "arm[s] of the State." *Mt. Healthy City Sch. Bd. of Educ. v. Boyle*, 429 U.S. 274, 280 (1977). Courts in this District have previously recognized, and this Court agrees, that the superior courts of the State of Connecticut are an arm of the state and therefore are immune from suit under the Eleventh Amendment. *Ahlawat v. Conn. Super. Ct.*, No. 3:12-cv-01042 (JBA), 2013 WL 3338572, at *4 (D. Conn. July 2, 2013); *Chance v. Conn. Super. Ct.*, No. 3:04-cv-00155 (MRK), 2004 WL 2958469, at *2 (D. Conn. Dec. 13, 2004).[9]

As to Counts Three and Four, there is no question that Congress did not abrogate the states' Eleventh Amendment sovereign immunity when it enacted Sections 1983 and 1985. *Will*, 491 U.S. at 68–69 (observing Congress did not abrogate Eleventh immunity in enacting Section 1983); *Sargent v. Emons*, 582 Fed. Appx. 51, 52 (2d Cir. 2014) (summary order) ("[I]t is well established that Congress did not abrogate state sovereign immunity in enacting 42 U.S.C. § 1983."); *DeSouza v. Kennedy*, No. 3:16-cv-01126, 2017 WL 3431393, at *3 (D. Conn. Aug. 9, 2017) (dismissing claims brought pursuant to Sections 1983 and 1985 because "Congress did not abrogate Eleventh Amendment immunity in enacting" these statutes). Thus, Counts Three and Four are subject to dismissal with prejudice on this basis as well.

In Count Twelve, Lee asserts a violation of 18 U.S.C. § 1346, a definitional statute in the United States penal code. *See* footnote 6 of this decision. As a general matter, federal criminal

---

[9] It is worth noting that the proscriptions of Sections 1983 and 1985 apply only to "persons," and state agencies, such as the Superior Court, are not considered "persons" within the meaning of these statutes. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are "persons" under § 1983"); *Farmer v. Branch*, No. 3:16-cv-01069 (VAB), 2016 WL 4467886, at *2 (D. Conn. Aug. 22, 2016) (holding that superior court of Connecticut is not a "person" within the meaning of Section 1983); *O'Diah v. New York City*, No. 02-cv-00274 (DLC), 2002 WL 1941179, at *6 (S.D.N.Y. Aug. 21, 2002) ("[i]t is well settled that a state and its agencies are not 'persons' under . . . Section 1985.").

statutes, including criminal fraud statutes, afford no private right of action. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) (summary order) ("federal criminal statutes do not provide private causes of action"); *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006) (summary order) (affirming dismissal of claim under federal fraud statute because the statute affords no private cause of action); *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx. 420, 422 (2d Cir. 2005) (summary order) (same). It is therefore unremarkable that Lee has cited no authority for proposition that Congress intended to abrogate the state's immunity to suit when passing this and related fraud statutes. Indeed, the mere fact that the statute and related criminal fraud statutes provide no private right of action renders the discussion of abrogation of the states' Eleventh Amendment sovereign immunity pointless. Congress need only address the states' Eleventh Amendment sovereign immunity when enacting legislation that actually creates a cause of action in the first instance. In short, because there is no private right of action under the criminal statutes cited by Lee in Count Twelve, Congress could not have abrogated the states' sovereign immunity when enacting it and Count Twelve is subject to dismissal with prejudice.

Lee nonetheless contends, in a conclusory fashion, that this Court has authority to grant injunctive relief pursuant to *Ex Parte Young*, 209 U.S. 123 (1908) and its progeny. *Ex Parte Young* created a limited exception to Eleventh Amendment immunity whereby a plaintiff can sue state officials acting in their official capacity for prospective declaratory or injunctive relief from ongoing violations of federal law notwithstanding the Eleventh Amendment. *Green v. Mansour*, 474 U.S. 64, 74 (1985); *City of Shelton v. Hughes*, 578 Fed. Appx. 53, 55 (2d Cir. 2014) (summary order). *Ex Parte Young* is inapposite in this case. First, to avail herself of *Ex Parte Young*, Lee "must name as defendant a state official rather than the state or a state agency directly." *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991); *accord Wang v. Office of Prof'l*

*Med. Conduct, N.Y.*, 354 Fed. Appx. 459, 461 (2d Cir. 2009) (summary order). Second, Lee is not seeking any prospective injunctive relief. She seeks only a declaration that the Superior Court violated the constitution *in the past*, is liable for *past* misconduct, and that the Blight Judgment is null and void based on fraud. Such claims are not within the scope of *Ex Parte Young*. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 146 (1993) (noting that the *Ex Parte Young* "exception is narrow" and "does not permit judgments against state officers declaring that they violated federal law in the past").

Accordingly, Counts Three, Four, and Twelve are dismissed with prejudice because they are barred by the Eleventh Amendment.

## IV. The Motions to Dismiss by Driscoll, McGee, Brown Jacobson, Block, and Block Janney (ECF Nos. 64, 69)

Driscoll, McGee, Brown Jacobson, Block, and Block Janney (collectively, the "Brown Jacobson and Block Janey Defendants") have moved to dismiss all claims against them on three separate bases. They argue first that claims against them are barred by *Rooker-Feldman*. Alternatively, they argue the claims are barred by the doctrines of *res judicata*, collateral estoppel, and qualified and/or quasi-judicial immunity. Because application of *Rooker-Feldman* implicates subject matter jurisdiction, the Court takes up this issue first. *See Can v. United States*, 14 F.3d 160, 162 n.1 (2d Cir. 1994) ("in most instances the question whether a court has subject-matter jurisdiction is, conventionally and properly, the first question a court is called on to consider.").

### A. *Rooker-Feldman* Doctrine

The Court does not herein repeat the applicable principles for analyzing whether *Rooker-Feldman* bars a plaintiff's claims. *See* Section III.A. of this decision. Counts One, Three through Seven, Nine, and Eleven are asserted against all or some of the Brown Jacobson and Block Janey Defendants. As previously discussed, Counts Three and Four are barred by *Rooker-Feldman*. *See*

*Id.* Count One (fraud on the court), Count Five (mail fraud), Count Six (wire fraud), and Count Seven (conspiracy to defraud) are similarly barred for largely the same reasons.[10]  Like Counts Three and Four, the only injury complained of in these counts is the judgment lien, satisfying the second requirement of *Rooker-Feldman.*  And the only affirmative relief Lee seeks is an order declaring the Blight Judgement "null and void," thereby inviting this Court to review and reject the propriety of the Blight Action and resulting judgment, which satisfies the third requirement of *Rooker-Feldman.*  Accordingly, Counts One, Three, Four, Five, Six, and Seven are dismissed with prejudice as to the Brown Jacobson and Block Janney Defendants for lack of subject matter jurisdiction.

Counts Nine (usurpation of public office) and Eleven (perjury under oath of office) however, are not barred by *Rooker-Feldman*.  Neither of these counts challenges an injury caused by a state court judgment, nor do they overtly seek review and rejection of the Blight Judgment. Instead, these counts challenge the purportedly unlawful and criminal course of conduct that the Brown Jacobson and Block Janney Defendants pursued in order to obtain a favorable judgment in the Blight Action.  More specifically, Count Nine accuses McGee, Brown Jacobson, Block, and Block Janney of usurping the duties and authority of Norwich's corporation counsel, Driscoll, and thereby violating Lee's civil rights, among other things.  Count Eleven further accuses these defendants of committing perjury, in violation of 18 U.S.C. § 1621.  These types of challenges do not fall within the bounds of *Rooker-Feldman*.  *See Sykes*, 780 F.3d at 94–95.

---

[10] Although the Court determines that counts Five, Six and Seven are barred by *Rooker-Feldman,* even if the Court has subject matter jurisdiction over these claims, they fail to state a claim upon which relief may be granted because each is premised upon a criminal statute for which there is no private right of action. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) (summary order) ("federal criminal statutes do not provide private causes of action"); *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006) (summary order) (affirming dismissal of claim under federal fraud statute because the statute affords no private cause of action); *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx. 420, 422 (2d Cir. 2005) (summary order) (same).

### B.  Count Nine

In Count Nine, Lee alleges that McGee, Brown Jacobson, Block, and Block Janney violated her civil rights when they appeared on behalf of Norwich in the Blight Action, thereby usurping Driscoll's authority as Norwich's corporation counsel.  McGee and Brown Jacobson contend that this count is barred by the doctrines of qualified immunity, *res judiciata*, or collateral estoppel. Block and Block Janney raise the same defenses, and Block further argues that he is entitled to quasi-judicial immunity.

The Court concludes that Count Nine must be dismissed for failure to state a claim upon which relief may be granted.  Although McGee, Brown Jacobson, Block, and Block Janney have not moved to dismiss Count Nine on this basis, "the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties."  Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.); *accord Bd. of Trustees of Trucking Emps. of N. Jersey Welfare Fund v. Canny*, 876 F. Supp. 14, 17 (N.D.N.Y. 1995) (dismissing complaint against moving and non-moving defendants "because all of the defendants are similarly situated and moreover, because the plaintiff had ample notice and opportunity to oppose the instant motion to dismiss").

Here, the Court is persuaded that dismissal for failure to state a claim is fair and appropriate. Count Nine is founded on a demonstrably faulty factual premise, specifically, that under Chapter XVI of the Norwich Charter,[11] Driscoll, as corporation counsel, has the exclusive legal authority to represent Norwich.  Relying on this premise, Lee argues that the retention of McGee, Brown

---

[11] In this section of the complaint, Lee refers to the "Norwich Code of Ordinance Chapter XVI, Sec. 1 Corporation counsel."  When viewed in context, it is apparent that this allegation is referring to Section 1 of Chapter XVI of the Norwich Charter, which discusses the appointment and duties of the "corporation counsel" in Norwich and was attached to her original complaint.

Jacobson, Block, and Block Janney by Norwich violated Chapter XVI, and therefore also her civil rights. But Chapter XVI clearly and unambiguously states that "[t]he city council shall have power to employ additional counsel and other employees to aid the corporation counsel as the city council deems necessary."[12] Norwich Charter, Ch. XVI, § 1, *available at* https://library.municode.com/ct/norwich/codes/code_of_ordinances (last visited: Sept. 17, 2019). As a result, McGee, Brown Jacobson, Block, and Block Janney could not have violated the Norwich Charter by representing Norwich and Count Nine fails to state a claim upon which relief can be granted. No amount of artful pleading can change the reality that the Norwich Charter permits Norwich to hire outside counsel.

The Court further concludes that *sua sponte* dismissal on this basis is fair. A review of the docket reveals that Lee is fully aware of the language of Chapter XVI quoted above. When Lee initially filed her complaint, she appended Chapter XVI of the Norwich Charter as an exhibit, showing that she had access to and knowledge of the entire provision. (Comp. Exhibit G, ECF No. 1-8 at 30.) However, in the body of her complaint, Lee selectively quoted only those portions of Chapter XVI that, without the additional language, appear to support her position. Subsequently, Lee amended the exhibits to her complaint to remove the excerpt of Chapter XVI. (ECF No. 19.) The Court concludes that Lee intentionally omitted the very language that renders her claim factually unsupportable, a pleading practice this Court cannot condone.

To the extent that Count Nine cannot, or should not, be dismissed *sua sponte* for failure to state a claim, the Court agrees with McGee, Brown Jacobson, Block, and Block Janney that they are entitled to qualified immunity. "Qualified immunity protects officials from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional

---

[12] The Court takes judicial notice of Section 1 of Chapter XVI of the Norwich Charter.

rights of which a reasonable person would have known. When a defendant invokes qualified immunity, courts consider whether the plaintiff has shown (1) that the [defendant] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. Courts have discretion to decide the order in which they consider whether the officers violated a federal right and whether the right was clearly established." *Muschette on Behalf of A.M. v. Gionfriddo*, 910 F.3d 65, 69 (2d Cir. 2018) (citations omitted; internal quotation marks omitted). Private attorneys retained to represent a municipality are entitled to seek the protection of qualified immunity. *See Filarsky v. Delia*, 566 U.S. 377, 393 (2012) (holding that attorney who was retained by city to assist in investigation into firefighter's potential wrongdoing was entitled to seek the protection of qualified immunity). Here, Lee cannot plausibly establish that McGee, Brown Jacobson, Block, and Block Janney violated a statutory or constitutional right simply by doing that which they had been retained to do, especially where the Norwich Charter expressly authorized Norwich to retain them as counsel. Lee identifies no authority to the contrary. Nor does Lee identify any authority that such a right, even if demonstrated, was so clearly established that these defendants would have understood their conduct to violate that right.

For these reasons, Count Nine is dismissed with prejudice.

## C. Count Eleven

Count Eleven, in relevant part, accuses Driscoll, McGee, and Block of committing perjury, in violation of 18 U.S.C. § 1621. The Court concludes, *sua sponte*, that this count is subject to dismissal for failure to state a claim upon which relief can be granted because there is no private right of action under Section 1621.

"'It is a truism' long recognized by federal courts 'that in our federal system crimes are always prosecuted by the Federal Government,' not by private complaints." *Dourlain v. Comm'r of Taxation & Fin.*, 133 Fed. Appx. 765, 767 (2d Cir. 2005) (summary order) (quoting *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86–87 (2d Cir. 1972)); *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) (summary order) ("federal criminal statutes do not provide private causes of action"). Although the defendants have not moved to dismiss these claims under Rule 12(b)(6), "the district judge on his or her own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1357 (3d ed.); *accord Bd. of Trustees of Trucking Employees of N. Jersey Welfare Fund*, 876 F. Supp. at 17.

Here, the Court concludes that dismissal, even on a *sua sponte* basis, is fair and appropriate because it is well established that there is no private right of action under Section 1621. *E.g.*, *Kloth-Zanard v. Malloy*, No. 3:15-cv-00124 (MPS), 2016 WL 5661977, at *6 (D. Conn. Sept. 29, 2016) (dismissing claim under federal perjury statute because there is no private right of action). Accordingly, Count Eleven is dismissed with prejudice for failure to state a claim upon which relief can be granted.[13]

## V. Motion to Dismiss by Norwich and Gardner (ECF No. 52)

Like their co-defendants, Norwich and Gardner have moved to dismiss all of the counts against them for lack of subject matter jurisdiction pursuant to *Rooker-Feldman*. Alternatively,

---

[13] As previously noted, Lee also asserts claims for mail fraud, wire fraud, and conspiracy to commit the same in Counts Five, Six, and Seven. The Court previously concluded that it lacks subject matter jurisdiction over these claims. Even if the Court had subject matter jurisdiction over them, however, they would subject to dismissal with prejudice because there is no private right of action under the cited criminal statutes. *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006) (summary order) (affirming dismissal of claim under federal fraud statute because the statute affords no private cause of action); *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx. 420, 422 (2d Cir. 2005) (summary order) (same).

they move to dismiss the counts against them because they are barred by the doctrines of *res judicata* and collateral estoppel.

## A. *Rooker-Feldman* Doctrine

Counts One through Eight and Ten through Twelve are asserted against Gardner, Norwich, or both. As previously discussed, *Rooker-Feldman* bars Counts One and Three through Seven. Sections III.A & IV.A. of this decision. *Rooker-Feldman* further bars Count Eight, which seeks review and vacatur of the Blight Judgment pursuant to Rule 60(b).[14] *Mina v. ENET Advert.*, 616 Fed. Appx. 49, 50 (3d Cir. 2015) (per curiam) ("[A] federal district court cannot overturn a state court judgment pursuant to Rule 60(b). Moreover, the *Rooker-Feldman* doctrine bars Mina's attempt invalidate the Court of Common Pleas' judgment dismissing his case."); *Burnett v. Amrein*, 243 Fed. Appx. 393, 395 (10th Cir. 2007) (per curiam) ("[Rule] 60(b) does not authorize a federal district court to relieve the Burnetts of a judgment entered in state court because any such action would violate the *Rooker-Feldman* doctrine." [citation omitted; internal quotation marks omitted]).

*Rooker-Feldman* does not bar the remaining counts against Gardner and Norwich — Counts Two, Ten, Eleven, and Twelve. The complained-of constitutional violation in Count Two — Gardner's inspection of the Property and issuance of notices and citations to Lee — occurred prior to the entry of the Blight Judgment and, therefore, could not have been caused by that judgment. *See, e.g.*, *Worthy–Pugh v. Deustche Bank Nat'l Tr. Co.*, No. 3:14-cv-01620 (AWT), 2016 WL 2944535, at *5 (D. Conn. Jan. 29, 2016) (holding that claim based on theft that occurred

---

[14] The Court further notes that even if it had subject matter jurisdiction over this claim, it would plainly fail. Rule 60(b) "only allows a district court to vacate its own final judgment. . . . Where, as here, Plaintiff seeks federal district court relief from a state court judgment, Rule 60(b)(6) is entirely inapplicable to [this] case." *Ford v. Dep't of Soc. Servs.*, No. 10-cv-03800, 2011 WL 1458138, at *6 (S.D.N.Y. Mar. 22, 2011) (citation omitted; internal quotation marks omitted).

prior to entry of state court judgment was not barred by *Rooker-Feldman*), *aff'd* 664 Fed. Appx. 20 (2d Cir.). In addition, Counts Ten through Twelve do not challenge an injury caused by a state court judgment, nor do they overtly seek review and rejection of the Blight Judgment. Instead, they challenge the purportedly unconstitutional and criminal course of conduct that Gardner and Norwich pursued in order to obtain the Blight Judgment. *Rooker-Feldman* does not bar such claims. *See Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) ("a federal suit complains of injury from a state-court judgment . . . when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it."); *see also* Sections III.A. & IV.A. of this decision.

In sum, Counts One, Three, Four, Five, Six, Seven, and Eight as to Gardner and Norwich are dismissed with prejudice for lack of subject matter jurisdiction pursuant to *Rooker-Feldman.*

### B.      Count Two

In addition to challenging Count Two based on *Rooker-Feldman*, Gardner has moved to dismiss this count on the grounds that it is barred by *res judicata* and collateral estoppel. Gardner asserts that the judgment of the superior court in the Blight Appeal precludes these claims.

"The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same. Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the

first." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (citations omitted; internal quotation marks omitted).

"The doctrine of offensive collateral estoppel[, or issue preclusion,] allows a plaintiff to preclude a defendant from relitigating an issue that has been previously decided against the same defendant. In order for a plaintiff to bar a defendant from litigating an issue on collateral estoppel grounds: (1) the issues in both proceedings must be identical, (2) the issue in the prior proceeding must have been actually litigated and actually decided, (3) there must have been a full and fair opportunity for litigation in the prior proceeding, and (4) the issue previously litigated must have been necessary to support a valid and final judgment on the merits." *Flood v. Just Energy Mktg. Corp.*, 904 F.3d 219, 236 (2d Cir. 2018) (citations omitted; internal quotation marks omitted).

Here, the requirements of *res judicata* and collateral estoppel are not met. First, the claims and issues raised and decided in the Blight Appeal are not the same as those presented in Count Two. The Blight Appeal focused on whether the Blight Judgment was obtained through fraud, while Count Two focuses on whether Gardner's *ultra vires* conduct violated Lee's constitutional rights. Second, the Blight Appeal was not adjudicated on the merits. The Blight Appeal was dismissed for lack of subject matter jurisdiction and "such a dismissal precludes [only] re-litigation of the issue it decided." *Stengel v. Black*, 486 Fed. Appx. 181, 183 (2d Cir. 2012) (summary order); *accord Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not, however, reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of *res judicata* apply to jurisdictional determinations — both subject matter and personal."). Count Two does not seek to relitigate the issue decided by the superior

court, *i.e.*, whether Lee's administrative appeal was timely filed. It seeks to litigate whether Gardner violated Lee's constitutional rights when he inspected her property.

For these reasons, the motion to dismiss is denied as to Count Two.[15]

## C.     Count Ten

Count Ten accuses Norwich of violating Chapter XVI of its Charter by retaining McGee, Brown Jacobson, Block, and Block Janney as counsel and, thereby, enabling the other defendants in this case to perpetuate their fraudulent scheme to deprive "its citizen's civil right to private property and to due process of law." (Compl. at ¶ 128.) Like Count Nine, Count Ten rests upon the known and demonstrably faulty premise that Norwich was not authorized to engage outside counsel. For the reasons set forth with respect to Count Nine above; *see* Section IV.B. of this decision; Count Ten is dismissed with prejudice for failure to state a claim upon which relief can be granted. The Court recognizes that Norwich has not moved to dismiss Count Ten on this basis but nonetheless concludes that dismissal is fair and appropriate under the unique circumstances of this case. *See id.*

## D.     Counts Eleven and Twelve

In Counts Eleven and Twelve, Lee asserts claims under the federal criminal code for perjury, in violation of 18 U.S.C. § 1621, and fraud, in violation of 18 U.S.C. § 1346. As previously discussed, there is no private right of action under the federal criminal code. *Dourlain*, 133 Fed. Appx. at 767; *Sheehy*, 335 Fed. Appx. at 104; *e.g.*, *Hill v. Didio*, 191 Fed. Appx. 13, 14 (2d Cir. 2006) (summary order) (affirming dismissal of claim under federal fraud statute because the statute affords no private cause of action); *Pharr v. Evergreen Garden, Inc.*, 123 Fed. Appx.

---

[15] Unlike his co-defendants, Gardner has not argued that he is entitled to qualified immunity as to any of the claims in the Complaint, including Count Two. The Court takes no position concerning the merits of such a defense, should Gardner decide to raise it by way of affirmative defense.

420, 422 (2d Cir. 2005) (summary order); *Kloth-Zanard*, 2016 WL 5661977, at *6 (same; perjury statute). Accordingly, the Court, *sua sponte*, dismisses Counts Eleven and Twelve with prejudice for failure to state a claim upon which relief can be granted.

## VI. Conclusion

For the reasons set forth in this decision, the Motion to Dismiss filed by Driscoll, McGee, and Brown Jacobson (ECF No. 69) is GRANTED. The Motions to Dismiss filed by Block (ECF No. 60) and Block Janney (ECF No. 64) are GRANTED. The Motion to Dismiss filed by the Superior Court (ECF No. 68) is GRANTED. The Motion to Dismiss filed by the City of Norwich and Gardner (ECF No. 52) is GRANTED in part and DENIED in part. That motion is granted as to all counts against Norwich and as to all counts, except for Count Two, against Gardner.

In sum, Counts One and Three through Twelve are dismissed with prejudice. Count Two against Gardner is the only count remaining in this action.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of September 2019.

 */s/ Kari A. Dooley*                          
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE