UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUEY MIN LEE,<br>*Plaintiff*, | )<br>)<br>) | 3:18-CV-01478 (KAD) |
| v. | )<br>) | |
| GEORGE GARDNER,<br>*Defendant*. | )<br>) | APRIL 14, 2020 |

**MEMORANDUM OF DECISION**
**RE: MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 114)**

Kari A. Dooley, United States District Judge

Pending before the Court is the Motion for Judgment on the Pleadings filed by defendant George Gardner ("Gardner"). For the reasons set forth herein, the motion is GRANTED.

**Background**

The Court presumes the party's familiarity with the allegations in the Complaint and the procedural history of this case. *See generally Lee v. Driscoll*, No. 3:18-cv-01478 (KAD), 2019 WL 4450679, ECF No. 98 (D. Conn. Sept. 17, 2019) (ruling on motion to dismiss). In brief, the plaintiff, Huey Min Lee, ("Lee") is the owner of a family residence in Norwich, Connecticut (the "Property"). (Compl. at ¶ 25, ECF No. 1.) Lee leased the Property to a third party (the "tenant") beginning on March 1, 2015. (*Id.*) In September of 2015, the tenant filed a complaint with the City of Norwich ("Norwich") concerning the Property. (*Id.* at ¶ 26.) In response to that complaint, defendant Gardner, a building code enforcement officer for Norwich, conducted two inspections of the Property and cited fifteen violations of the Norwich Property Maintenance Code (the "Code"). (*Id.*) Gardner issued notices to Lee for the violations on September 9, 2015 and September 24, 2015. (*Id.* at ¶ 27.) On November 2, 2015, Gardner issued three separate citations, which listed a total of fourteen violations of the Code and imposed a total fine of $700. (*Id.* at ¶

29.) Those citations ultimately resulted in a judgment being entered in favor of the City of Norwich in the amount of $708 and a judgment lien in that amount being recorded against the Property. (*Id.* at ¶¶ 47, 55.)

On August 31, 2018, Lee commenced the instant action against multiple defendants, all of whom were involved in some fashion in the imposition and adjudication of the fine or the associated judgment and judgment lien. On September 17, 2019, the Court dismissed all counts in the Complaint except Count Two. In Count Two, Lee asserts a substantive due process claim pursuant to 42 U.S.C. § 1983. Specifically, Lee contends that Gardner's inspections of the Property and issuance of citations afterwards interfered with her constitutionally protected property rights. On November 7, 2019, Gardner filed an answer to the Complaint. As relevant to the instant motion, Gardner asserted qualified immunity and failure to state a claim upon which relief can be granted as affirmative defenses. (ECF No. 101 at 6.) On December 11, 2019, Gardner filed the instant motion for judgment on the pleadings. Lee filed her opposition on December 31, 2019.[1] Gardner filed his reply on January 3, 2020.

**Legal Standard**

Rule 12(c) of the Federal Rules of Civil Procedure provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. The court will not dismiss the case unless it is satisfied that the complaint cannot state any

---

[1] Lee's opposition does not address the substantive arguments made by Gardner. Her objection is largely procedural in nature and includes that Gardner should not be permitted to proceed by way of Rule 12(c) for several reasons. The Court is not persuaded by Lee's arguments; Gardner's motion is permitted under the Federal Rules of Civil Procedure.

2

set of facts that would entitle him to relief." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). However, in deciding a Rule 12(c) motion, the court considers not only the complaint, but also "the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation omitted; internal quotation marks omitted).

**Discussion**

Gardner argues that he is entitled to a judgment on the pleadings as to Count Two because (1) Lee has failed to allege a plausible substantive due process claim for interference with property rights and (2) he is entitled to qualified immunity.

As previously indicated, Lee's substantive due process claim arises out of Gardner's inspections of the Property and issuance of citations. The Second Circuit Court of Appeals "has recognized that the substantive component of the Fourteenth Amendment's Due Process Clause forbids the government from burdening, in a constitutionally arbitrary way, an individual's property rights." *O'Connor v. Pierson*, 426 F.3d 187, 204 (2d Cir. 2005); *see also Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 543 (2005) (suggesting that government action impairing a property right could be "so arbitrary as to violate due process"). To plead a plausible substantive due process claim, a plaintiff must allege facts establishing (1) a cognizable property interest (2) that was invaded (3) in an arbitrary and irrational manner. *TZ Manor, LLC v. Daines*, 503 Fed. Appx. 82, 84 (2d Cir. 2012) (summary order); *O'Mara v. Town of Wappinger*, 485 F.3d 693, 700 (2d Cir. 2007); *see also O'Connor*, 426 F.3d at 200 n.6 (noting that substantive due process "is the right to be free of arbitrary government action *that infringes a protected right*"). Importantly, substantive standards of the due process clause require "conduct that is so outrageously arbitrary

3

as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 259 (2d Cir. 1999). Conduct that is "merely incorrect or ill-advised" is insufficient to give rise to a substantive due process violation. *Ferran v. Town of Nassau*, 471 F.3d 363, 369–70 (2d Cir. 2006) (citation omitted; internal quotation marks omitted). The Fourteenth Amendment is not a "font of tort law." *Pena v. Deprisco*, 432 F.3d 98, 112 (2d Cir. 2005) (quoting *Lewis v. City of Sacramento*, 523 U.S. 833, 848 (1998)). "It does not provide a comprehensive scheme for determining the propriety of official conduct or render all official misconduct actionable." *Pena*, 432 F.3d at 112.

Here, Lee has alleged a property interest in the Property, but she has not plausibly alleged that Gardner interfered with her property rights or that he did so in an arbitrary and irrational manner. Lee contends that Gardner "trespassed [on] [her] property for unauthorized inspections." (Compl. at ¶ 75.) But, as Lee acknowledges, at the time of inspections she was leasing the Property to the tenant who had lawful possession of the Property, and Gardner inspected the Property in response to a complaint made by the tenant. (Compl. at ¶¶ 25–26, 70.) Although Lee disputes the validity of the tenant's complaint, Gardner's inspections cannot constitute a trespass when they were undertaken in response to the tenant's complaint. *See State v. Schaffel*, 4 Conn. Cir. Ct. 234, 248 (1966) (rejecting defendant's argument that city housing inspectors were trespassers where the inspectors "entered the leased apartment in response to a reported telephoned complaint initiated by a tenant"). Moreover, even if Gardner's inspections constituted a trespass, Lee, as a landlord, "cannot complain of tortious acts committed by a third person against the possessory rights of [her] tenants." *Chapel-High Corp. v. Cavallaro*, 141 Conn. 407, 412 (Conn. 1954). Finally, even if Gardner's inspections or his issuance of citations interfered with or infringed Lee's property rights, Lee has not plausibly alleged that this conduct is "so outrageously arbitrary as to

constitute a gross abuse of governmental authority." *Natale*, 170 F.3d at 259. Nor has she plausible alleged that it is "conscience-shocking" or "oppressive in the constitutional sense." *Ferran*, 471 F.3d at 370 (citation omitted; internal quotation marks omitted). For all of these reasons, Lee has failed to allege a plausible substantive due process violation.

Even if the Court were to conclude that Lee has stated a plausible substantive due process violation, however, the Court would also conclude that Gardner is entitled to qualified immunity. "Qualified immunity protects officials from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. When a defendant invokes qualified immunity, courts consider whether the plaintiff has shown (1) that the [defendant] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. A right is clearly established only if its contours are sufficiently clear that a reasonable official would understand that what he is doing violates that right. Courts have discretion to decide the order in which they consider whether the officers violated a federal right and whether the right was clearly established." *Muschette on Behalf of A.M. v. Gionfriddo*, 910 F.3d 65, 69 (2d Cir. 2018) (citations omitted; internal quotation marks omitted).

As discussed above, Lee has not alleged a plausible substantive due process violation. Setting that aside, the allegations in the Complaint, when construed in a light most favorable to Lee, do not demonstrate that Gardner violated a right that was clearly established at the time of his inspections. The Court is aware of no authority, and Lee has not cited any, that stands for the proposition, or clearly establishes, that it is unconstitutional for a town's building code enforcement officer to respond to and investigate a tenant's complaint about the building in which

he resides and to issue notices regarding any violations he discovers.[2] As a result, Gardner is entitled to qualified immunity as to Count Two.

**Conclusion**

For the reasons set forth herein, the Motion for Judgment on the Pleadings [ECF No. 114] is GRANTED. Because there are no remaining claims in the Complaint, the Clerk of Court is directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of April 2020.

                                          */s/ Kari A. Dooley*
                                          KARI A. DOOLEY
                                          UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that Lee disputes Gardner's authority, as a matter of state statutory law, to conduct the inspections and issue citations. The question before the Court in the context of qualified immunity, however, is one of constitutional law. As a result, Lee's novel statutory argument does not undermine Gardner's qualified immunity defense.